UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE;
CHEQUITA ANDERSON,
    Debtor

Adversary No. 06 A 582

ARONSON FURNITURE CO.,
    Plaintiff

Bankruptcy No. 05 B 49841

vs.

CHEQUITA ANDERSON,
    Defendant

Judge Jack Schmetterer

_Findings of fact and Conclusions of law_

FINDINGS OF FACT

This matter coming on to be heard upon the complaint of Aronson Furniture Co against Chequita Anderson objecting to dischargeability of debt pursuant to Sec. 523(a)(6) of the Bankruptcy Code, the court makes the following findings of fact:

1. That on February 15, 2005, Debtor purchased from Aronson Furniture Co furniture at the cost of $1990.63, as pursuant to a retail installment contract.

2. That she executed a retail installment contract in the sum of $2820.24 which included financing charges.

3. That monthly payments of $117.51 were due beginning March 20, 2005, but the Debtor made only a few payments leaving a balance owing of $2420.24.

4. That the Debtor filed bankruptcy on October 12, 2005.

5. That at the Sec 341 meeting of creditors, the Debtor informed Clay Mosberg, the attorney for Aronson Furniture, that she had given possession of the goods purchased from Aronson to a friend-relative. That the third party was to pay, which he never did. That she knew that she owed Aronson Furniture for the items purchased, but gave the furniture away anyway. She was doing a third party a favor by purchasing the furniture in her name. It was never her intent to have to pay for the goods purchased.

6. That the fair market value of the goods purchased from Aronson is $1,500.00.

7. That Plaintiff, Aronson Furniture holds a security interest in the items purchased by Debtor.

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

## CONCLUSIONS OF LAW

The court finds that the Debtor, Chequita Anderson, made purchases from Aronson Furniture Co. subject to a retail installment contract in which Aronson Furniture retained a security interest in the goods purchased. At the time of the purchase, Chequita Anderson never intended to pay for the goods. They were purchased for a relative or friend who was ostensibly to pay for the items himself. Chequita Anderson knew that she was taking the items subject to a security interest held by Aronson. That Chequita Anderson has transferred possession of the goods to the injury of Aronson Furniture's rights to possession of the items, and that the Debtor has failed to make payments for the goods. That the actions of Chequita Anderson appear to be intentionally done to injure the interest of Aronson Furniture Co. in the subject property. That her actions are wilful and malicious, and have caused injury to Aronson Furniture Co. The debtor had to believe that her conduct was substantially certain to cause harm to Aronson. As such, the debt is a nondischargeable debt. See Kawaauhau v. Geiger, 523 U.S. 57, 118 S.Ct. 974 (1998).

11 USC §23(a)(6)

_____
Bankruptcy Judge

Clay Mosberg
1954 Woodland
Arlington Heights, IL 60004
847-222-1180

APR 18 2006

4/18/06